IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-CR-281-GKF |
| DEREK RAY FLAMING, | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR VARIANCE

Defendant Derek Flaming, by and through counsel, Assistant Federal Public Defender, Richard Koller, moves this Court to grant a variance from the advisory guideline sentence and impose a sentence of 30 years—the mandatory minimum on the controlling count of conviction, Count Three. Counsel submits that a thirty (30) year sentence is sufficient to further all purposes of sentencing and adequately punishes Mr. Flaming for the conduct of conviction.

Mr. Flaming was charged by way of a five-count second superseding indictment alleging Aggravated Sexual Abuse of a Minor and Sexual Abuse of a Minor on March 10, 2022. The indictment alleged that the conduct of conviction occurred between May 1, 2015, to October 23, 2016. (Doc. No. 45). Mr. Flaming was on pretrial release from June 25, 2021, to March 23, 2022, when he was convicted of the instant offenses. Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range as calculated in the Presentence Investigation Report ("PSR") is life imprisonment. (PSR ¶ 71). The Defendant generally objects to the offense conduct as stated in the PSR and the corresponding guideline calculations. A final draft of the PSR was recently prepared. The Defense does not intend to make argument beyond this objection and does not anticipate calling any witnesses at sentencing as of the time of filing of this Motion.

**Principles of Sentencing as Applied to Mr. Flaming**

The overarching consideration in sentencing is always that the sentence be sufficient but not greater than necessary to accomplish the purposes for sentencing as set forth in 18 U.S.C. § 3553(a). Mr. Flaming faces a mandatory-minimum sentence of thirty (30) years on the controlling count of conviction—Count 3. A thirty-year term of imprisonment is more than sufficient to meet the stated purposes of sentencing.

For Mr. Flaming, a thirty-year sentence means that he will not have an opportunity for release prior to attaining the age of sixty-two (62)—if he has a meaningful opportunity for release at all. Nearly three decades served in the Bureau of Prisons reflects the seriousness of the offense(s) and severely punishes Mr. Flaming for the conduct of conviction. Mr. Flaming's lack of criminal history and his substantial compliance with pre-trial release are the best indicators of his ability to conform his conduct to the local, state, and federal law in the future. If granted the opportunity for release, he will be of such an age that the likelihood of recidivism is greatly diminished. Additionally, Mr. Flaming would be required to register as a sex-offender and report to the United States Probation Office for a term of supervised release of *at least* five (5) years, further ensuring that he will be unlikely to re-offend. The following factors also weigh in favor of Mr. Flaming receiving a variance to the statutory minimum range of punishment:

*History and Characteristics of the Defendant*

Mr. Flaming is a thirty-seven-year-old, American Indian male, and an enrolled member of the Cherokee Nation. Mr. Flaming attended Jay High School and obtained his general educational development certificate in 2006. (PSR ¶ 62). Mr. Flaming served in the military from January 3, 2007, to July 9, 2018. (PSR ¶ 71). Mr. Flaming worked in the military throughout most of his adult life, but his most recent employment was with the Oklahoma Department of Corrections as a guard.

Mr. Flaming had stable employment and has the ability to meet all requirements of supervised release, if allowed the chance to return to the community.

### *The Need for the Sentence Imposed to Accomplish the Purposes of Sentencing*

As discussed above, imposition of a 30-year sentence, accomplishes the purposes of sentencing upon considering Mr. Flaming's lack of criminal history, his age, and his contributions to society.

### *The Need to Avoid Unwarranted Sentence Disparities*

The United States Sentencing Commission published statistics surrounding punishment in sexual abuse offenses across federal jurisdictions for the 2021 Fiscal Year.[1] The average sentence for offenders convicted of criminal sexual abuse under a statute that carries a mandatory minimum sentence was 297 months or approximately twenty-five years.[2] Moreover, 43.4% of all offenders convicted of criminal sexual abuse received a downward variance from the advisory guideline sentence, the average sentence reduction was 34.4%.[3] The statistical evidence of sentencing trends for like offenses across the United States shows that granting Mr. Flaming the opportunity for future release does not create an unwarranted disparity. In fact, a thirty (30) year sentence would place Mr. Flaming in a category with roughly half of all similarly situated offenders.

### *The Kinds of Sentences Available and the Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant*

This Court is limited in its sentencing options in the instant case, as the controlling statute of conviction provides for a sentencing range of 30 years-life. As applied to Mr. Flaming, the Sentencing Guidelines recommend a sentence of life imprisonment. However, as discussed above,

---

[1] United States Sentencing Commission, *Quick Facts: Sexual Abuse Offenders*, September 15, 2022, Quick Facts on Sexual Abuse Offenses (ussc.gov).
[2] *Id.*
[3] *Id.*

the Defense submits to this Court that the imposition of a thirty-year sentence is adequate to accomplish the purposes of sentencing in the instant case.

## CONCLUSION

**WHEREFORE,** the Defendant respectfully moves this Court to grant this Motion for Variance and requests this Court to sentence Mr. Flaming to a term of 30 years.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Scott A. Graham, Interim Federal Public Defender

By: /s/ Richard Koller
Richard Koller, OBA No. 22877
Assistant Federal Public Defender
112 N. 7th Street
Muskogee, Oklahoma 74401
(918) 687-2430
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of June, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Aaron Jolly
Ralph Paradiso
Assistant United States Attorney

/s/ Richard Koller
Richard Koller